**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Shawn July, | Civil Action No. 13-6741 (KM) |
| Petitioner, | |
| v. | OPINION |
| Stephen D'Illio, et al., | |
| Respondents. | |

**MCNULTY, DISTRICT JUDGE**

Petitioner, Shawn July, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, in which he brings an ineffective assistance claim against his trial counsel, as well claims of prosecutorial misconduct concerning the presentment of perjured testimony, impermissible vouching, and a *Brady* violation. For the reasons set forth below, the Petition is denied.

## I. FACTS

On August 18, 1998, Mr. July and a friend, Michael Richardson, were selling drugs together on the corner of North 14th Street and 6th Avenue in Newark, NJ. (*See* ECF No. 11-7 at 2.)[1] Shortly before 2:00 a.m. that morning, July and Richardson were approached by Akie Robertson ("Decedent") and John Bradberry, a.k.a. Kool-Aid, who were also hoping to sell drugs on the same corner. (*Id.*) July and Richardson objected to the encroachment. July then left the corner to retrieve a gun while Richardson spoke with Decedent and Kool-Aid. (*Id.*) When July returned, Richardson was being badly beaten by Kool-Aid. In order to assist his friend, July pulled

---

1 Facts are taken from the Appellate Division's opinion affirming the PCRA court's denial of Post-Conviction Relief. (ECF No. 11-7.)

out his gun and fired several shots towards the three men, one of which hit Decedent in the back of the head, killing him. (*Id.*) July and Richardson both then fled the scene.

Mr. July was not apprehended until several years after this incident when Richardson, with whom July had had a falling out, implicated him in this shooting. When Richardson testified at July's trial, the jury was told that Richardson had thirteen prior convictions and was currently incarcerated at Essex County Jail on a pending carjacking charge. (*Id.*) At trial, Mr. July denied any involvement in the shooting and presented several rebuttal witnesses who testified that he was not at the scene on the night in question. (*Id.* at 3.)

After hearing all the evidence, the jury credited the State's witnesses over Mr. July's, and Mr. July was subsequently convicted of first-degree aggravated manslaughter, N.J. STAT. ANN. 2C:11-4(a), third-degree unlawful possession of a weapon, N.J. STAT. ANN. § 2C:39-5(c), and second degree possession of a weapon for an unlawful purpose, N.J. STAT. ANN. § 2C:39-4. Mr. July was then sentenced to a twenty-year prison term, subject to the No Early Release Act[2], as well as lesser concurrent prison terms on the weapons offenses. (*Id.* at 1-2.)

## II. PROCEDURAL HISTORY

Mr. July was tried and convicted on four counts of first-degree assault. On January 9, 2002, Mr. July filed a notice of appeal with the Appellate Division. On October 18, 2004, the Appellate Division, in an unpublished opinion, affirmed Mr. July's conviction and sentence. (ECF No. 11-4 at 6.) Mr. July's petition for certification to the New Jersey Supreme Court was denied on February 16, 2005. On March 8, 2005, Mr. July then filed a petition for PCR along with a supporting brief and an affidavit. On March 13, 2008, Judge Santiago, J.S.C., denied July's petition in a written

---

[2] N.J. STAT. ANN. § 2C:43-7.2 (a person convicted of a violent offense must serve at least 85% of his custodial term before becoming eligible for parole).

2

opinion. Judge Santiago ruled that July's claims of ineffective assistance of trial counsel were procedurally barred by N.J.C.R. § 3:22-5.

On July 27, 2008, Mr. July filed a notice of appeal from the denial of his PCR petition. The Appellate Division then reversed the PCR court's order and remanded the matter for an evidentiary hearing on the issue of whether Mr. July's trial attorney was aware of all the pending charges facing Mr. Richardson when Richardson testified against July. On November 19, 2010, Judge Santiago held an evidentiary hearing at which Mr. July's trial counsel, Steven F. Wulkowits, testified. On December 3, 2010, Judge Santiago issued a written opinion denying Mr. July's PCR petition after the hearing. On May 9, 2011, Mr. July filed a notice of appeal with the Appellate Division challenging Judge Santiago's ruling. On February 11, 2013, the Appellate Division affirmed Judge Santiago's opinion and order denying Mr. July's PCR.

On November 4, 2013, Mr. July filed this habeas action.

## III. CLAIMS

Mr. July presents the following claims in his habeas petition:

> **Ground One**: Ineffective Assistance of Trial Counsel for failing to "fully investigate the criminal history of the State's primary witness," Michael Richardson.
>
> **Ground Two**: Ineffective Assistance of Trial Counsel because Mr. July's jury was denied access to "fundamental credibility evidence of Michael Richardson."
>
> **Ground Three**: Ineffective Assistance of Trial Counsel for failing to properly cross-examine Michael Richardson.
>
> **Ground Four**: Mr. July repeats Ground One and lists it as Ground Four here.
>
> **Ground Five**: Prosecutorial misconduct for violating *Brady v. Maryland* in relation to Michael Richardson's criminal case history at the trial level.
>
> **Ground Six**: The prosecutor engaged in misconduct by knowingly presenting perjured testimony to the jury.

**Ground Seven**: The prosecutor engaged in misconduct by impermissibly vouching for State witness Michael Richardson during her summation.

**Ground Eight**: Both the PCR court, and the Appellate Division on review from the denial of PCR, employed erroneous standards that were contrary to clearly established federal law.

See ECF No. 1 at 10-20.

## IV. DISCUSSION

### A. Standards Governing Mr. July's Claims

*1. Habeas Review Generally*

Title 28, United States Code, Section 2254, provides that the district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner has the burden of establishing each claim in the petition. *See Eley v. Erickson,* 712 F.3d 837, 846 (3d Cir. 2013). Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), federal courts in habeas corpus cases must give considerable deference to determinations of the state trial and appellate courts. *See Renico v. Lett,* 599 U.S. 766, 773, 130 S. Ct. 1855, 1862 (2010).

Section 2254(d) sets the standard for granting or denying a writ of habeas corpus. That statute reads as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

*2. Ineffective Assistance of Counsel Claims*

Most of the claims here assert that trial counsel was constitutionally ineffective. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), the Supreme Court articulated the test for demonstrating an ineffective assistance of counsel claim. First, the petitioner must show that, considering all of the circumstances, counsel's performance fell below an objective standard of reasonableness. *See* 466 U.S. at 688, 104 S. Ct. at 2064; *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). To satisfy this first prong of *Strickland,* a petitioner must identify acts or omissions that allegedly fell below standards of reasonable professional judgment. *See Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. Second, a petitioner must affirmatively demonstrate that any errors resulted in prejudice. Prejudice will be found only where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

For purposes of § 2254(d)(1), "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410, 120 S. Ct. at 1522 (emphasis in original). As relevant here, the pivotal question is whether the state PCR courts' application of the *Strickland* standard was unreasonable. Accordingly, it is not enough to show that defense counsel's performance fell below *Strickland*'s standard or resulted in prejudice in the opinion of this Court.

In a habeas case, a state court must be granted more deference and latitude than would apply on direct review of a conviction. *See id.*; *Renico*, 559 U.S. at 773; *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). Even if this Court disagreed with the state courts' application of *Strickland*, then, it could not grant Mr. July's petition based on mere legal error. To meet the "unreasonable" standard, the error must be one that is not "susceptible to debate among reasonable minds." *Fahy v. Horn*, 516 F.3d 169, 192 (3d Cir. 2008) (quoting *Butler v. McKellar*, 494 U.S. 407, 415 (1990)).

The Court analyzes Mr. July's claims in light of those standards. I first analyze ineffective assistance of trial counsel as to the treatment of State witness Michael Richardson. Second, I analyze Mr. July's claims of prosecutorial misconduct as to allegations of knowing presentation of false testimony, impermissible vouching, and violating *Brady*. For the following reasons, the petition is denied.

### B. Analysis of Claims

#### 1. Ineffective Assistance of Trial Counsel[3]

Mr. July first alleges that his trial counsel was ineffective for failing to adequately investigate the criminal history of the State's primary witness, Michael Richardson. According to Mr. July, counsel failed to uncover that certain charges were pending against Richardson at the time of trial. This allegedly led to inadequate cross-examination of Mr. Richardson on the issues of 1) his credibility, and 2) his motivation to testify favorably to the State. These failures, Mr. July argues, produced prejudice by leaving the jury dangerously misinformed.

Mr. July raised this issue before the PCR court, which denied relief in a written opinion. (ECF No. 11-1.) On appeal from the denial of PCR, the Appellate Division remanded and ordered

---

[3] As indicated *supra*, Mr. July's grounds 1-4 are alternative restatements of the same claim. As such, they will be condensed into one analysis.

an evidentiary hearing on the issue of whether Mr. July's trial counsel knew of Mr. Richardson's pending charges and what, if any, impact a lack of knowledge might have had on his cross-examination. (ECF No. 10-16.) Mr. July's trial counsel, Wukowits, testified at the evidentiary hearing that he had Mr. Richardson's Criminal Case History ("CCH"), which showed that Mr. Richardson had thirteen prior convictions. (ECF No. 11-19 at 22-23.) He also testified that he was aware of the carjacking charge, the most serious charge pending against him at the time. (*Id.* at 35-36.) The evidentiary hearing established that Wukowits did not know of Mr. Richardson's other pending charges, for conspiracy to commit robbery and weapons offenses, at the time of Mr. July's trial. (*Id.* at 34.) Nevertheless, after the evidentiary hearing, the PCR Court again denied Mr. July relief, noting that the testimony evinced at the hearing failed both prongs of the *Strickland* test for ineffective assistance of counsel. (ECF No. 11-1.) The Appellate Division affirmed the denial of PCR, holding that the trial court's opinion was fully supported by the record and thus entitled to deference. (ECF No. 11-7.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), for exhausted claims, this Court reviews the last reasoned state court decision in a habeas matter. *See Harrington*, 562 U.S. at 99. Typically, when the last state court decision on a topic is a summary affirmance of a denial, as is the case here, a court will "look through" to the trial court's reasons for denial. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("…courts generally … affirm[] without further discussion when they agree, not when they disagree, with the reasons given below"). Therefore, the Court will review the PCR court's reasoning to see if it interpreted and applied *Strickland* unreasonably.[4]

---

[4] As discussed above, "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410 (emphasis in original). An unreasonable application is one not

The Court turns first to the prejudice prong of *Strickland*, because "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." 466 U.S. at 670. The PCR court noted that, in the evidentiary hearing, Wukovits testified that he had Mr. Richardson's Criminal Case History ("CCH") and that it reflected thirteen (13) prior convictions. (ECF No. 11-1 at 3.)5 Mr. Wulkowits also testified that he was aware of the carjacking charge at the time, but not of "any additional or accompanying charges." (*Id.*) The court also noted that, during Mr. July's trial, Mr. Wulkowits questioned Mr. Richardson regarding both his pending charges and his prior convictions. The transcript reveals that the jury heard that Mr. Richardson was currently residing in Essex County Jail on a carjacking charge, and that he "did not know" if he had any other charges pending. On this point, the court held that "[t]he fact that the jury was not aware of the additional pending charges did not affect their ability to consider Mr. Richardson's lack of credibility." (*Id.* at 4.) Because carjacking is a crime of the first degree, and the unrevealed pending charges were of a lesser degree, the jury knew all they needed to know in order to "infer that a witness facing a first degree offense would have a motive to testify in favor of the prosecution." (*Id.* at 4.)

At any rate, the statement Mr. Richardson provided to the state regarding Mr. July was delivered prior to the carjacking arrest. (*Id.*) Mr. Richardson also testified at trial that he hadn't spoken to anyone from the Prosecutor's Office since he was arrested for carjacking and that all of their communications took place beforehand. The PCR court ended its opinion by holding that "the cumulative effect of the Wukowits' line of questioning, which included emphasizing the State's

---

"susceptible to debate among reasonable minds." *See Wright v. West*, 505 U.S. 277, 291 (1992) (quoting *Butler v. McKellar*, 494 U.S. 407, 415 (1990)).
5 The PCR court, in its written opinion, notes that this is actually inaccurate. Though the jury heard that Mr. Richardson had thirteen prior convictions, he actually had only nine.

8

favoritism of Richardson and the carjacking offense, was sufficient enough to lead the jury" to question Mr. Richardson's credibility and motives. (*Id.* at 6.) The PCR court thus ruled, and the Appellate Division affirmed, that Mr. July's claim fails the prejudice prong of *Strickland* and thus relief must be denied.

Here, Mr. July is asking the Court to do what the state courts did not: *i.e.*, to rule that Mr. July's trial counsel failed to properly investigate Mr. Richardson's criminal history and that, as a result, Mr. July was prejudiced. I find, however, that the state courts' rulings are neither contrary to, nor involve an unreasonable application of, Supreme Court precedent. Indeed, this Court's independent review of the trial and evidentiary hearing transcripts reveals that trial counsel vigorously impeached Mr. Richardson during cross-examination and informed the jury, not only of his long history of convictions, but of the most serious charge currently pending against him. Mr. July has not pointed the Court to any substantial evidence that would call into question the reasonableness of the PCR court's factual findings. The factual finding that Mr. July was not prejudiced by his trial counsel's ignorance is reasonable, and is entitled to deference under § 2254(d)(2). Accordingly, Mr. July's claim that his trial counsel's performance was defective fails and habeas relief on this ground is denied.

2. <u>Prosecutorial Misconduct</u>

Grounds Five, Six and Seven of the Petition claim that the Essex County Prosecutor's Office engaged in misconduct during Mr. July's trial and that he should therefore be granted habeas relief. (ECF No. 1 at 17-18.) Mr. July offers three examples: 1) the state violated *Brady* by improperly suppressing exculpatory evidence; 2) the prosecutor knowingly presented perjured testimony to the jury; and 3) the prosecutor impermissibly "vouched" for state witness Mr. Richardson. (*Id.*)

9

Mr. July's *Brady* claim was raised both on direct appeal and in his petition for PCR. (ECF No. 10-4 at 11-12) (ECF No. 10-8). The claims that the prosecutor knowingly presented perjured testimony and impermissibly vouched for Mr. Richardson were both raised in Mr. July's petition for PCR. (ECF No. 10-8). The Appellate Division denied Mr. July's *Brady* claim on the merits and held that the other two arguments were procedurally barred. (ECF No. 11-1 at 7.) I consider them in turn.

*i. Brady Claim* (Ground Five)

First, Mr. July contends that the prosecution is guilty of misconduct for violating *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 1 at 15-16.) *Brady* stands for the proposition that criminal defendants are entitled to all exculpatory evidence, including evidence that may be used to impeach the credibility of a state witness. *See U.S. v. Bagley*, 473 U.S. 667 (1985). Mr. July argues that the relevant information kept from him at trial were the pending robbery and weapons charges that accompanied Mr. Richardson's carjacking charge. (*Id.*) Mr. July argues this deprived him of the ability to effectively impeach Richardson's credibility at trial. Mr. July raised this argument on direct appeal, where the Appellate Division held that, in light of the Richardson's trial testimony admitting to having thirteen prior convictions and a pending carjacking charge, "the omitted charges ... were immaterial." (ECF No. 10-4 at 11.)

The three components of proving a *Brady* prosecutorial misconduct claim are: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; and (3) prejudice[6] must have ensued. *See Banks v. Dretke*, 540 U.S. 668, 691 (2004)

---

[6] Prejudice here has the same meaning as in the *Strickland* context, *i.e.*, that the result of the trial would have been different but for the information that was allegedly suppressed by the state. *See Banks*, 540 U.S.

10

(citing *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). Here, even assuming that information was suppressed by the state, there is no evidence that prejudice ensued. For the reasons stated in the preceding section, the jury had more than enough information to assess Mr. Richardson's credibility. There is no chance that the outcome of the trial would have differed as a result of disclosure of two cumulative, less serious pending charges.

As Mr. July adduces no evidence suggesting, and makes no legal arguments demonstrating, that the state courts unreasonably applied federal law in denying this claim. Under the applicable standard of review, the state courts' reasoned analyses cannot be disturbed. Habeas relief on this ground is denied.

### ii. *Knowingly using False Testimony* (Ground Six)

Next, Mr. July argues that he should be granted habeas relief because the State knowingly presented perjured testimony to the jury. (ECF No. 1 at 17.) Mr. July raised this claim in his petition for PCR, and again after his evidentiary hearing. The Appellate Division held that this claim was procedurally barred. (ECF No. 11-1 at 7.) Procedural default would be sufficient grounds for this court to deny it as well, but in any event Mr. July's claim clearly would fail on the merits. *See Woods v. Lamas*, 631 F. App'x 96, 99 n.4 (3d. Cir. 2015) (ignoring procedural default because claim "clearly fails on the merits") (relying on *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) ("Judicial economy might counsel giving the [merits] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law.").

Of course, the Supreme Court has long held that the State's knowing use of perjured testimony to obtain a conviction violates the Fourteenth Amendment. *See Giglio v. United States*,

at 691.

405 U.S. 150, 153 (1972). In order to sufficiently plead a constitutional violation for presenting perjured testimony, Mr. July must show that (1) Mr. Richardson committed perjury; (2) the government knew or should have known of his perjury; (3) the perjury went uncorrected; and (4) there is a reasonable likelihood that the false testimony could have affected the verdict. *See Lambert v. Blackwell*, 387 F.3d 210, 242 (3d Cir. 2004). In *United States v. Agurs*, the Supreme Court noted that it is fundamentally unfair to the accused where "the prosecution's case includes perjured testimony and [ ] the prosecution knew, or should have known, of the perjury." 427 U.S. 97, 103 (1976). "The same is true when the government, although not soliciting false evidence, allows it to go uncorrected when it appears at trial." *United States v. Biberfeld*, 957 F.2d 98, 102 (3d Cir. 1992) (citing *Giglio*, 405 U.S. at 153). In general, when the government knowingly presents perjured testimony, the resulting conviction must be set aside if there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Lambert*, 387 F.3d at 242 (citing *Giglio*, 45 U.S. at 153).

      The alleged perjury here is Mr. Richardson's testimony he "did not know" if charges other than carjacking were pending against him at the time of his testimony. There is no indication in this record that this was perjury, that the government knew it, and that it did nothing to stop or correct it. But even assuming *arguendo* that all those things were true, the statement at issue would fail the test of materiality. *See Lambert*, 387 F.3d at 243 ("[the rule] may as easily be stated as a materiality standard under which the fact that testimony is perjured is considered material unless failure to disclose it would be harmless beyond a reasonable doubt"). As discussed above, the jury learned that a carjacking charge was pending, and the additional knowledge of other, lesser charges would have been highly unlikely to affect their judgment. That is particularly so in light of the information, which was placed before the jury, that Mr. Richardson had 13 prior convictions (in

12

fact he only had 9). (*See* ECF No. 11-7 at 6, n.4.) Accordingly, habeas relief on this ground is denied and the State court ruling stands. *See U.S. v. Hoffecker,* 530 F.3d 137, 183 (3d Cir. 2008); *Pitts v. United States*, 122 F. Supp. 3d 221, 232 (E.D. Pa. 2015).

    *iii. Impermissible Vouching* (Ground Seven)

Next, Mr. July argues that during her summation, the prosecutor impermissibly "vouched" for Mr. Richardson. (ECF No. 1 at 18.) As with Mr. July's claim that the State knowingly presented false testimony, Mr. July raised this claim in his petition for PCR, but the Appellate Division held it procedurally barred. (ECF No. 11-1 at 8.) Here, too, I will dispense with the procedural default analysis because this claim of impermissible vouching fails on the merits. *See Woods,* 631 F. App'x at 99.

"Vouching" refers to the impermissible practice of intimating to the jury that a certain witness can be trusted based on information existing outside the record, or the prosecutor's personal credibility. *See United States v. Riva*, 493 F.3d 131, 137-38 (3d Cir. 2007). Under Supreme Court precedent, where a prosecutor's opening or closing remarks are challenged in habeas, "[t]he relevant question is whether the prosecutor's comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). "Supreme Court precedent counsels that the reviewing court must examine the prosecutor's offensive actions in context and in light of the entire trial, assessing the severity of the conduct, the effect of the curative instructions, and the quantum of evidence against the defendant." *Muslim v. Ricci*, No. 09-0466 (PGS), 2011 WL 741231, at *10 (D.N.J. Feb. 22, 2011) (citing *Moore v. Morton*, 255 F.3d 95, 107 (3d Cir. 2001)).

In her summation, the prosecutor here essentially told the jury that Mr. Richardson had given credible testimony. Though Mr. July does not point to any specific language from the transcripts to support his claim, after a thorough review of the record it appears that Mr. July is likely referring to the following passage from the prosecutor's summation:

> See, Michael Richardson has 13 convictions. Michael Richardson has a new charge for carjacking. Immediately you want to go: Oh, my God, do you believe anything he says? But you know what is good about Michael Richardson you don't have to take Michael Richardson at his face value. Michael Richardson was corroborated by every witness that came in here from the state.

(ECF No. 11-15 at 32.)

This is not "vouching." It does not invite the jury to speculate as to extra-record evidence or to rely on the prosecutor's personal integrity. A prosecutor is not, of course, barred from *taking the position* that the defendant is guilty or that her witnesses testified credibly. All that the prosecutor did here was suggest that Richardson's testimony should be believed because it was corroborated by that of other witnesses that the jury heard. After a review of the record, it is clear that the prosecutor did not impermissibly "vouch" for her witness, but asserted his credibility based on evidence that was presented to the jury. Because there is no indication that the State vouched at all, and because *a fortiori* there is no proof of prejudice, habeas relief on this ground is denied. *See U.S. v. Calhoun*, 276 F. App'x 114, 119 (3d Cir. 2008) (citing *United States v. Beaty*, 722 F.2d 1090, 1097 (3d Cir. 1983)).

iv. *Erroneous Standard* (Ground Eight)[7]

Finally, Mr. July argues that both the PCRA court and the Appellate Division used a standard that was contrary to federal law in denying his petition for PCR on grounds of ineffective assistance of counsel. (ECF No. 1 at 20.) In their Answer, Respondents correctly note that the court employed the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Mr. July does not point to any other standard that the State courts used in error, merely arguing that they used an "erroneous" one. (*Id.*)

After reviewing the record, it is clear that the State courts correctly used the standard set forth in *Strickland*, *see* § IV.A, *supra*, to ultimately reject Mr. July's claim of ineffective assistance of counsel. Habeas relief on this ground is denied.

## V. APPLICATION FOR PRO BONO COUNSEL

On February 25, 2016, Mr. July submitted a motion to appoint pro bono counsel. (ECF No. 29.) Because the petition lacks threshold merit and the Court is denying it in full, the motion for pro bono counsel is thus denied as moot. *See Brown v. Murray*, No. 16-1194 (MAS), 2016 WL 3452748, at *4 (D.N.J. June 17, 2016).

---

[7] Though this ground is unexhausted, the Court is permitted to deny unexhausted habeas claims on the merits. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); *see also Carrascosa v. McGuire*, 520 F.3d 249, 255 n.10 (3d Cir. 2008) ("There is, however, a difference between granting an unexhausted habeas claim on the merits and denying such a claim on the merits, as recognized by the plain language of section 2254(b)(2)....Denying an unexhausted claim on the merits is consistent with the statute"); *Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of Taylor's claims on the merits, we need not address exhaustion").

## VI. CERTIFICATE OF APPEALABILITY IS DENIED

This Court must determine whether Mr. July is entitled to a certificate of appealability in this matter. *See* 3d Cir. R. 22.2. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The discussion of Mr. July's claims above demonstrates that he has not made such a showing, and this Court will not issue a certification of appealability.

## VII. CONCLUSION

This Court concludes that the state courts utilized and applied the correct law to Mr. July's claims. Furthermore, Mr. July has not shown by clear and convincing evidence that the state courts' determinations of the facts were unreasonable. Accordingly, the petition will be denied and Mr. July's motion for pro bono counsel will be denied as moot. An appropriate Order will be entered.

Dated: August 4, 2016

*Kevin McNulty*

KEVIN MCNULTY
United States District Judge