UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAWN JULY, | : | |
| Petitioner, | : | Civ. No. 13-6741 (KM) |
| | : | |
| v. | : | |
| | : | |
| STEPHEN D'ILIO, | : | **OPINION** |
| Respondent. | : | |
| | : | |

**KEVIN MCNULTY, U.S.D.J.**

## I.   INTRODUCTION

The petitioner, Shawn July, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Opinion and Order dated August 4, 2016, this Court denied Mr. July's habeas petition and declined to issue a certificate of appealability. (Dkt. Nos. 31, 32) Now pending before this Court are two post-judgment motions by Mr. July. He has filed a motion extend his time to appeal. (*See* Dkt. No. 36) In addition, he has filed a motion for relief from the August 4, 2016 judgment pursuant to Federal Rule of Civil Procedure 60(a), (b)(2), and (b)(6). (*See* Dkt. No. 34)

Accordingly, the Clerk will be ordered to reopen this case so that Mr. July's motions can be ruled upon. For the following reasons, Mr. July's motions will be denied, and the file re-closed.

## II.   DISCUSSION

The factual and procedural history of this case, and the grounds for denying habeas relief, were laid out in my previous opinion. (Dkt. no. 31) Familiarity with that prior opinion is assumed.

A. <u>Motion for Extension of Time to File Appeal</u>

Mr. July had thirty days from August 4, 2016—*i.e.,* until September 6, 2016—to file his appeal from my denial of habeas relief. *See* FED. R. APP. P. 4(a)(1); FED. R. CIV. P. 6(a)(3) ("the time for filing is extended to the same time on the first accessible day that is not a Saturday, Sunday, or legal holiday"). It was not until November 29, 2016, however, that Mr. July filed his notice of appeal, along with a motion for leave to file an appeal out of time. (*See* Dkt. Nos. 35 & 36)[1]

Beyond that 30-day deadline to appeal, however, Federal Rule of Appellate Procedure 4(a)(5)(A) grants a limited 30-day grace period. A district court may extend the time to file a notice of appeal if a party files an appropriate motion within that grace period and demonstrates excusable neglect or good cause:

> (A) The district court may extend the time to file a notice of appeal if:
>
>     (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; **and**
>
>     (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

FED. R. APP. P. 4(a)(5)(A) (emphasis added).

That Rule 4(a)(5)(A)(i) grace period would have expired on October 6, 2016. Mr. July filed his motion to extend the time to appeal on November 29, 2016, well outside the 30-day

---

[1]    That date gives the petitioner the maximum benefit of the so-called "prisoner mailbox rule." *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n. 2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition.").

    The court may extend the time to appeal when the petitioner did not receive notice of the entry of the judgment within twenty-one days. *See* FED. R. APP. P. 4(a)(6)(A). As petitioner's filings make clear, however, he received a copy of the opinion and order denying his habeas petition on August 16, 2016, well within that twenty-one day period. (*See* Dkt. No. 36-1 at p.1)

grace period. The motion was therefore untimely, and cannot be granted.[2] *See In re Mullarkey,* 396 F. App'x 807, 808 (3d Cir. 2010) (holding that District Court properly denied motion for extension of time to file an appeal that was filed more than thirty days after notice of appeal was to be filed pursuant to Federal Rule of Appellate Procedure 4(a)(1)); *White v. Zimmerman,* No. 01–5208, 2001 WL 1029140, at *1 (D.C. Cir. Aug.29, 2001) (stating "[t]o obtain relief under Rule 4(a)(5), appellant was required to move for an extension of time no later than 30 days after the time for appeal expired"); *Goode v. Winkler,* 252 F.3d 242, 245 (2d Cir. 2001) (district court abused discretion in granting motion to extend filed three days after the grace period expired, because "even assuming that [party] made a showing of good cause for an extension, the untimely motion should not have been entertained"); Cummings v. Jackson, No. CIV A 07-4046 (MLC), 2008 WL 5377782, at *5–6 (D.N.J. Dec. 18, 2008). The motion being untimely, the question of whether the plaintiff can show good cause or excusable neglect is moot.

B. Motion for Relief from Judgment

Mr. July has also filed a motion for relief from judgment pursuant to Federal Rules of Civil Procedure 60(a), (b)(2), and (b)(6). Mr. July argues that this Court did not rule on his request for the production of documents (*see* Dkt. No. 34-1 at p.1). Furthermore, Mr. July alleges that I erred in denying his habeas petition because the prosecutors failed to turn over relevant information regarding Mr. Richardson's criminal history and pending charges. Additionally, Mr. July disputes my disposition of Grounds 6 and 7.

Federal Rule of Civil Procedure 60(a) states as follows:

---

[2]     Mr. July sent a letter to this Court, dated October 26, 2016, stating that he was in involuntary protective custody and unable to access the law library without the help of an inmate paralegal. The letter stated that he was then waiting for a paralegal to prepare a notice of appeal. (See Dkt. No. 33) Even considered charitably as a motion to extend the time to appeal, this letter would have been untimely. That being the case, whether the letter also demonstrates excusable neglect or good cause for the late-filed notice of appeal is irrelevant.

> The court may correct a clerical mistake arising from oversight or
> omission whenever one is found in a judgment, order, or other part
> of the record. The court may do so on motion or on its own, with
> or without notice. But after an appeal has been docketed in the
> appellate court and while it is pending, such a mistake may be
> corrected only with the appellate court's leave.

FED. R. CIV. P. 60(a). The rationale is obvious; the judgment on appeal cannot be a moving
target. In this case, the appeal was docketed in the United States Court of Appeals for the Third
Circuit in December, 2016. Therefore, absent leave from the Court of Appeals, I cannot alter the
judgment under Rule 60(a).

     Next, Mr. July cites to Rule 60(b)(2) to support his motion. Rule 60(b)(2) is grounds for
relief from a final judgment based on "newly discovered evidence that, with reasonable
diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]"
"Rule 60(b)(2) "requires that the new evidence (1) be material and not merely cumulative, (2)
could not have been discovered before trial through the exercise of reasonable diligence and (3)
would probably have changed the outcome of the trial. Any party requesting such relief 'bears a
heavy burden." *Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc.,* 434 F. App'x 109,
111 (3d Cir. 2011) (internal quotation marks and citation omitted).

     It does not appear that Mr. July's motion to alter the judgment includes "newly
discovered material" that could not have been discovered prior to my denial of the habeas
petition. Indeed, Mr. July states in his motion that the evidence was available in 2014. (*See* Dkt.
No. 34-1 at p.3 ("On July 7, 2014, executive assistant prosecutor, Debra G. Simms, responded
stating there were 12 files relating to the request [of Richardson's police/arrest reports] but a
physical search of the record from the files produced only (6) of the 12 files.")) Otherwise, Mr.
July cites only to documents that he attached to various filings already made in this case before
the denial of his habeas petition. These include Mr. Richardson's previous criminal and arrest

4

record. (*See id.* at p. 4-5, 13) I conclude that Mr. July is not entitled to post-judgment relief under Rule 60(b)(2).

That leaves Rule 60(b)(6). Rule 60(b)(6) provides that a petitioner may be entitled to relief from a final judgment for "any other reason that justifies relief":

> Rule 60(b)(6), which "is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any ... reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) *cert. denied sub nom. Wetzel v. Cox*, 135 S. Ct. 1548, 191 L.Ed. 2d 663 (2015)
>
> Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). "A court may grant a Rule 60(b) motion only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided." *Weber v. Pierce*, No. 13-283, 2016 WL 2771122, at *2 (D. Del. May 13, 2016) (citations and footnote omitted); *see also Cox*, 757 F.3d at 120 (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).
>
> Further, where, as here, a district court is presented with a motion for reconsideration after it has denied a petitioner's § 2254 application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(b). The Third Circuit has explained that,
>
> > in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.
>
> *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004); *see also Parham*, 496 F. App'x at 184 (citing *Gonzalez*, 545 U.S. at 524, 530)

*Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1–2 (D.N.J. Aug. 3, 2016).

Mr. July's motion appears to challenge this Court's grounds for denial of his habeas petition, rather than the underlying conviction *per se*. Accordingly, it is not a second or successive petition, and can be considered. Under Rule 60(b)(6), however, relief will not be granted absent extraordinary circumstances:

> The standard for granting a Rule 60(b)(6) motion is a high one. The movant must show "extraordinary circumstances" to justify reopening a final judgment. *Gonzalez,* 545 U.S. at 536.
>
>> [Extraordinary circumstances involve[ ] a showing that[,] without relief from the judgment, "an 'extreme' and 'unexpected' hardship will result." This "hardship" requirement may sometimes be satisfied when the judgment "precluded an adjudication on the merits."

*Michael v. Wetzel,* 570 F. App'x 176, 180 (3d Cir. 2014), *cert. denied,* 135 S. Ct. 1532, 191 L.Ed. 2d 562 (2015), *reh'g denied,* 135 S. Ct. 1918, 191 L.Ed. 2d 781 (2015) (quoting *Budget Blinds, Inc. v. White,* 536 F.3d 244, 255 (3d Cir. 2008)). Such extraordinary circumstances "rarely occur in the habeas context." *Gonzalez,* 545 U.S. at 535.

Mr. July's Rule 60(b)(6) motion fails to meet that high standard. He alleged extraordinary circumstance is that this Court failed to rule on his request for the production of documents. Among the items that Mr. July sought in that filing were Mr. Richardson's police and arrest reports from 1998 to 2002. He further sought the dispositions of Mr. Richardson's criminal charges from 1998 to 2014.

I did not rule on his discovery requests because they were moot in light of my grounds for dismissal of the habeas petition. As one court in this District has explained:

> in *Cullen v. Pinholster*, - U.S. -, 131 S.Ct. 1388 (2011), the Supreme Court ruled that review under 28 U.S.C. § 2254(d)(1), *i.e.*, involving a decision that was alleged to be contrary to, or

6

involved an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of the United
States, "is limited to the record that was before the state court that
adjudicated the claim on the merits[,]" 131 S.Ct. at 1398, and that
"evidence introduced in federal court has no bearing on §
2254(d)(1) review. Thus, if a claim has been adjudicated on the
merits by a state court, a federal habeas petitioner must overcome
the limitation of § 2254(d)(1) on the record that was before that
state court," *Id.* at 1400 (emphasis added). As recently explained
by the Third Circuit, where a claim has been adjudicated on the
merits, "[n]ew evidence produced in a hearing before a habeas
court ... may not be used to assess whether the state court's
decision was contrary to or involved an unreasonable application
of clearly established federal law." *Branch v. Sweeney*, 758 F.3d
226, 241 (3d Cir. 2014) (quoting *Pinholster*, 563 U.S. at 180-81
(emphasis added)); *Reddick v. Warren*, No. CV 12-7875 (SDW),
2016 WL 29261, at *17 (D.N.J. Jan. 4, 2016) (explaining same),
*certificate of appealability* denied (May 25, 2016). Put another
way, in seeking habeas corpus relief, a Petitioner may not base his
case on facts that he believes could be developed at a hearing in
the habeas corpus court. *See Branch*, 758 F.3d at 242 (explaining
that Branch based his case for habeas relief on affidavits already
developed and presented in the state court below).

*Neals v. Warren*, No. 13-4398, 2017 WL 751427, at *7 (D.N.J. Feb. 27, 2017).

Mr. July seeks post-judgment relief because I did not expressly rule on his request for the

production of documents. However, under *Cullen*, this Court was limited to the record that was

before the state court in deciding whether the state court decision constituted an unreasonable

application of clearly established federal law. I determined that the state court decision denying

Mr. July's ineffective assistance of counsel claims was not an unreasonable application of clearly

established federal law. Therefore, this Court's purported failure to expressly rule on Mr. July's

motion for the production of documents does not warrant granting him post-judgment relief

under Rule 60(b)(6).

The focus of Mr. July's 60(b)(6) motion is my denial of his ineffective assistance claims

(Grounds 1–4). The denial of discovery, he says, meant that I did not (or at least potentially did

not) consider the totality of Mr. Richardson's arrest and criminal history. I see no extraordinary circumstances. As noted in the prior opinion, the jury was well aware of Mr. Richardson's history of thirteen prior convictions, as well as the fact that he was facing a serious carjacking charge.[3] Mr. July's claim was based on the denial of an opportunity to cross-examine regarding other, less serious pending charges. Given the enormous amount of impeachment material that was before the jury, I found that the state court did not rule unreasonably in finding that there was no prejudice. What Mr. July seeks here is further discovery in the hope that yet more charges might turn up. That is not an extraordinary circumstance warranting relief under Rule 60(b)(6). To the extent Mr. July may be arguing that he is entitled to post-judgment relief on Grounds 5, 6, and 7 based on the denial of discovery, the analysis is the same.

Mr. July also directly takes issue with the Court's disposition of Grounds 6 and 7. AS to Ground 6, he reasserts his claim that Mr. Richardson surely lied when he testified that he "did not know" if charges other than carjacking were currently pending against him. I denied this claim on grounds of procedural default, as well as lack of prejudice or materiality. The jury learned of the pending carjacking charge, as well as thirteen other prior convictions (which actually turn out to have been "only" nine). As to Ground 7, Mr. July offers nothing that would undermine the Court's conclusion that the prosecutor did not improperly vouch for the credibility of Mr. Richardson.

---

[3]      In his motion, Mr. July states that Mr. Richardson was also facing an attempted murder charge. (*See* Dkt. No. 34-1 at p.10) Later on in his motion, however, Mr. July admits that this charge was "dumped" in the summer of 2001, prior to his trial in the fall of 2001. (*See id.* at p.17 ("Mrs. Williams indicated that the case against Richardson had been dumped earlier that summer of 2001."))

### III.    CERTIFICATE OF APPEALABILTIY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

This motion may have been intended to restart the deadline to appeal. If so, that hope was misguided; the motion offers no additional grounds for appeal. As in the case of my initial order denying habeas relief, I see no substantial issue, and decline to grant a certificate of appealability.

### IV.    CONCLUSION

For the foregoing reasons, Mr. July's motion for leave to file as within time and motion for relief from judgment will be denied. An appropriate order will be entered.


DATED:  March 28, 2017

KEVIN MCNULTY
United States District Judge

9