NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAWN JULY,

Petitioner,

STEPHEN D'ILIO,

Respondent

Civ. No. 13-6741 (KM)

OPINION

KEVIN MCNULTY, U.S.D.J.

I. INTRODUCTION

Pending before this Court is Petitioner Shawn July's second motion (ECF No. 49) for relief from judgment under Fed. R. Civ. P. 60. Relevant to this motion are the Court's original Opinion and Order denying habeas relief under 28 U.S.C. § 2254 (ECF Nos. 31 & 32), and this Court's Opinion and Order denying July's first motion for relief from judgment under Federal Rules of Civil Procedure 60(a) and (b). (ECF Nos. 42 & 43.)

The Clerk will be ordered to re-open this case so that Mr. July's motion can be ruled upon. For the following reasons, Mr. July's motion will be denied, and the file re-closed.

II. DISCUSSION

Only the facts relevant to this Opinion are recounted.[1] On or about November 29, 2016, Mr. July filed an initial motion for relief from judgment under Federal Rules of Civil Procedure 60(a), (b)(2), and (b)(6) (the "First Rule 60 Motion", ECF No. 34-1.) In the First Rule 60

---

[1] A more detailed recitation of the facts and procedural history is set forth in this Court's Opinion denying habeas relief, dated August 4, 2016. (ECF No. 31.)

Motion, Mr. July argued, among other things, that I erred in denying his habeas petition because the prosecutor's office failed to turn over relevant information regarding the criminal history of a witness, Mr. Richardson. (*Id.*) Mr. July also took issue with this Court's disposition of Ground 7 of his habeas petition, alleging that the prosecutor had knowingly used perjured testimony. (*Id.*) I denied the First Rule 60 Motion on March 28, 2017. (*See* ECF Nos. 42 & 43.)

On December 23, 2017, Mr. July filed the motion for relief from judgment that is now before the Court.. (ECF No. 49.) In this motion, citing Fed. R. Civ. P. 60(b)(2), (b)(3), and (b)(6) Mr. July raises similar arguments to those made in the First Rule 60 Motion. He argues that the State engaged in "fraud and misrepresentation" when the prosecutor submitted that Mr. Richardson did not receive favorable treatment from the prosecutor's office. (ECF No. 49 at 2– 3.) He also argues that the State falsely represented that Mr. Richardson had no criminal charges which were administratively dismissed.[2] (*Id.*)

To the extent the motion rests on Rule 60(b)(2) and (b)(3), it will be denied as untimely. A motion under Rule 60(b)(2) or (b) (3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding" being challenged. Fed. R. Civ. P. 60(c)(1); *see also Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993) (stating that a court may grant relief, if the fault is "excusable" and the party seeks relief within one year). Indeed, the one-year period is an outside limit, and such a motion may be found untimely even if made within one year: "[T]he one-year period [provided by Rule 60(c)] represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even

---

[2] Mr. July's arguments appear to challenge his underlying conviction *per se*, which would suggest that this motion must be analyzed as a second or successive habeas petition. The Court will liberally construe it as a challenge to this Court's grounds for denying his habeas petition. *See Jones v. Lagana*, No. 12-5823, 2016 WL 4154677, at *1–2 (D.N.J. Aug. 3, 2016) (explaining that a court must first consider whether a Rule 60(b) motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act before it can adjudicate the claims on the merits.)

2

though the one-year period has not expired." *Den Be ex rel. Bell v. Hamilton Twp. Mun. Ct.*, No. 07–1588, 2008 WL 5156683, at *3 (D.N.J. Dec. 5, 2008) (citing *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir.1986)). Mr. July's motion comes too late either way. It was filed more than one year after I denied his petition for habeas relief.[3]

To the extent the motion rests on Rule 60(b)(6), it is nevertheless untimely. Rule 60(b)(6) "is a catch all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014). Rule 60(b)(6) does not contain a limitations period, but requires that the party file the motion "within a reasonable time." *See* Fed. R. Civ. P. 60(c). Nevertheless, the general one-year limit remains a rule of thumb: "A motion under Rule 60(b)(6) filed more than a year after final judgment is generally untimely unless 'extraordinary circumstances' excuse the party's failure to proceed sooner." *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007). Such "extraordinary circumstances" will "rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). No such extraordinary circumstances are alleged, let alone demonstrated, here.

Even if I were to consider the claims on the merits, they would still fail. I have already denied relief under Rule 60(b)(2) and (b)(6) in my previous Opinion. I will not revisit that analysis, but incorporate it by reference. That leaves Rule 60(b)(3). Rule 60(b)(3) provides for relief from a final judgment, order, or proceeding based on "fraud (whether previously called

---

[3] This Rule 60 motion is directed to the underlying judgment, not to the prior Rule 60 motion. *See* Motion, ECF no. 49 (petitioner moves "for relief from judgment entered in this court on August 11, 2016"). To the extent it may be relevant, however, I note that the current motion was filed more than seven months after I denied the First Rule 60 Motion. Because it essentially rehashes the same grounds, and offers no reasons for the delay, I would not deem that seven-month delay "excusable."

3

intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The standard is a rigorous one:

> To reopen a judgment under Rule 60(b)(3), specifically, a plaintiff *must show, by clear and convincing evidence*: "(1) that the adverse party engaged in fraud or misconduct; and (2) that [th]is conduct prevented the moving party from fully and fairly presenting this case.["] *Bamigbade v. City of Newark*, 2006 U.S. Dist. LEXIS 3534, at *7 (D.N.J. Jan. 30, 2006) (citing *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983)).

*Toolasprashad v. Wright*, No 02–5473, 2008 WL 4845306, at *5 (D.N.J. Nov. 3, 2008) (emphasis in original).

Here, Mr. July rehashes his complaints about the State's presentation of Richardson as a witness at his criminal trial. This is simply the old habeas claim under a different name, not a basis for reopening this Court's judgment under Rule 60(b)(3). Mr. July presents no "clear and convincing evidence" of fraud by the State that prevented him from properly presenting his contentions here. All the documents he presents in support of his motion were before this Court when I adjudicated his habeas petition and his initial motion for relief from judgment.[4] Because Mr. July fails to make a showing under Rule 60(b), his motion is denied.

### III. CERTIFICATE OF APPEALABILTIY

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

---

[4] It appears that Mr. July has confused two concepts. He wishes to argue that the State committed fraud before the trial court when it failed to disclose certain documents related to Mr. Richardson's criminal history. That is not a fact reviewable on Mr. July's Rule 60(b) motion. He has presented no evidence to prove that fraud was committed on *this* Court, the appropriate subject for a motion under Rule 60(b)(3). *See Toolasprashad*, 2008 WL 4845306, at *5 (explaining that the plaintiff must show violations that occurred before the reviewing court).

4

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As in the case of my two previous orders, I see no substantial issue, and decline to grant a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, Mr. July's motion for relief from judgment will be denied. An appropriate order will be entered.

DATED: July 19, 2018

KEVIN MCNULTY
United States District Judge